NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRITTANY M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.M., G.M., E.M., *Appellees*.

No. 1 CA-JV 22-0077
FILED 8-4-2022

Appeal from the Superior Court in Maricopa County
No. JD39483
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Michelle R. Nimmo
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1          Brittany M. (Mother) appeals from an order terminating her parental rights to her biological children, A.M., G.M. and E.M. Mother argues the Department of Child Safety (DCS) did not make diligent reunification efforts by failing to provide court-ordered in-home drug testing and that termination was not in the children's best interests. Because Mother has shown no reversible error, the order is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2          In June 2020, the children's paternal grandparents filed a dependency petition alleging Mother and the children's Father were unable or incapable of providing for the children's basic needs.[1] The petition noted that the children, who were eight, four and two years old, had been living with petitioners "on and off" for most of their lives. In July 2020, DCS substituted in as petitioner, filing an amended dependency petition asserting that Mother and Father were neglecting to provide proper and effective parental care and control due to domestic violence and Father's substance abuse, including methamphetamine use. Although initially placing the children with Mother, in September 2020, the court placed the children with paternal grandparents after Mother went to Tennessee for several days, leaving the children without a legal guardian. The children have been placed with paternal grandparents ever since.

¶3          In September 2020, the children were found dependent as to both parents and the court adopted a family reunification case plan. The court ordered DCS to provide, and both parents to participate in, a variety of reunification services, including family preservation services for Mother, coordination with Mother's psychiatric services, parent-aide services, a hair

---

[1] Although Father's parental rights to the children were terminated and he appealed from that decision, his appeal was dismissed pursuant to Arizona Rule of Procedure for Juvenile Court 106(G).

follicle test, TERROS substance abuse treatment, random urinalysis testing and therapeutic services.

¶4 Although Mother participated in services more than Father, she failed to participate consistently. Mother completed less than half of her requested drug tests, completed a hair follicle that was positive for methamphetamine and failed to complete any substance abuse treatment despite at least three referrals to TERROS. Although Mother participated in some therapeutic services, she failed to address domestic violence issues and did not successfully complete counseling services. After two referrals, Mother was unsuccessfully closed out of parent-aide services.

¶5 Mother claims to suffer from moyamoya, a disease that can cause strokes. Mother testified she was diagnosed with moyamoya in August 2021, more than a year after the dependency began, but did not provide any documentation to support her diagnosis. Nevertheless, the court attempted to accommodate her condition, ordering DCS in early August 2021 to arrange in-home drug testing. DCS, however, had not provided Mother in-home drug testing by the termination adjudication.

¶6 At a November 2021 review hearing, the court granted DCS' motion to change the case plan to severance and adoption. The resulting motion to terminate alleged, as to Mother, 15-months time-in-care. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(8)(c) (2022).[2]

¶7 In February 2022 the superior court held a severance adjudication, where Mother and others testified. After taking the matter under advisement, the court granted the motion to terminate in March 2022. Among other things, the court found Mother failed to participate in services without explanation. Furthermore, the court found Mother repeatedly minimized Father's substance abuse, the domestic violence between the parents, her ability to meet the children's needs and the stability of her mental health. The court also found that termination was in the best interests of the children.

¶8 This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A) and Ariz. R.P. Juv. Ct. 103-104.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶9**       As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the children. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009).

### I.       The Time-in-Care Finding Is Supported by Clear and Convincing Evidence.

**¶10**       DCS had to prove by clear and convincing evidence that (1) DCS made  diligent efforts to provide reunification services, (2) the children had been in an out-of-home placement under court supervision for a cumulative total of 15 months or longer, (3) Mother was unable to remedy the circumstances that caused the children to be in the out-of-home placement and (4) there was a substantial likelihood that Mother would not be capable of exercising proper and effective parental care in the near future. *See* A.R.S. § 8-533(B)(8)(c). On appeal, Mother does not challenge the second, third or fourth of these required showings, which the court properly found DCS had proven by clear and convincing evidence.

**¶11**       Mother's argument on appeal is that DCS failed to prove that it made diligent efforts to provide appropriate reunification services, which limited her ability to remedy the circumstances causing the children to be in an out-of-home placement. Mother argues that, given her health issues related to moyamoya, she was unable to complete a significant number of drug tests and DCS' failure to provide in-home drug testing significantly affected her ability to resolve the circumstances that led the children to be in care.

**¶12**       "The purpose of providing reunification services is to afford a parent 'the time and opportunity to participate in programs designed to improve the parent's ability to care for the child.' Such efforts also enable [DCS] to evaluate a parent's progress, or lack thereof, toward making reunification possible." *Jordan C.*, 223 Ariz. at 96 ¶ 31 (citation omitted).

¶13　　　　In terminating her parental rights, the superior court found Mother was "unable to discharge her parental responsibilities due to domestic violence, mental health instability, diminished parenting capacities, and an inability to recognize the harm that Father's substance abuse poses to the children." In doing so, the court noted that, in August 2021, it ordered "the Department to arrange for in-home drug testing for the Mother. It does not appear that the Department complied with this order. However, Mother's testimony undercut the need for this order and the Department's failure to comply with this order does not negate the reasonable and diligent efforts they have made." The court's termination ruling was not based on Mothers drug testing, drug use or lack of sobriety. Therefore, Mothers primary argument regarding DCS' failure to provide in-home drug testing does not suggest reversible error.

¶14　　　　DCS provided Mother with access to numerous services, including three referrals to TERROS substance abuse treatment and two referrals to parent-aide services. Mother never successfully completed an intake with TERROS and was unsuccessfully closed out of parent-aide services. DCS was "not required to . . . ensure that a parent participates in each service it offers." *Maricopa Cnty. Juv. Action No.* JS-501904, 180 Ariz. 348, 353 (App. 1994). Additionally, while Mother engaged in some therapeutic services, she did not address the relevant domestic violence issues most important when considering if the circumstances which led to out-of-home placement had been resolved.

¶15　　　　Mother has not shown the court erred in finding DCS provided appropriate reunification services or in finding "as a factual matter that Mother chose not to participate" in services offered. Thus, Mother has not shown DCS failed to make diligent efforts to provide appropriate reunification services or that the court erred in finding that DCS had provided appropriate services.

## II.　The Best Interests Finding Is Supported by a Preponderance of the Evidence

¶16　　　　Mother argues that the superior court abused its discretion in finding that termination was in the best interests of the children. "Termination is in the child's best interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018). Courts "must consider the totality of the circumstances existing at the time of the severance determination, including the child's adoptability and the parent's rehabilitation." *Id.* at 148 ¶ 1.

¶17     To the extent that Mother's best interests argument is based on her assertion that DCS failed to make diligent efforts to provide appropriate reunification services, that argument fails for the reasons set forth above. To the extent Mother argues the trial evidence otherwise does not support the best interests finding, she has shown no error.

¶18     The superior court found the children would benefit from termination because their placement was familial, open to adoption and meeting their needs. The court also found the placement would provide valuable permanence and stability for the children. Reasonable evidence supports the finding that the children would benefit from termination because they are in an adoptive placement able to provide for both their basic needs and the special needs of two of the children. Accordingly, Mother has not shown the court abused its discretion in finding that severance is in the children's best interests.

## CONCLUSION

¶19     The order terminating Mother's parental rights to A.M, G.M. and E.M. is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA